The first count in the Plaintiff's declaration charges the Defendants with having opened a road, established a ferry, and transported persons and carriages across the (62) river, so near to the Plaintiff's ferry as to cause him to lose a great portion of the gains, profits and benefits of his ferry. This count does not allege that the Defendants took any pay or toll for transporting persons or carriages. The law gives this action, not because the Defendants have derived a benefit, but because the Plaintiff has sustained an injury, in *Page 51 
consequence of the act or acts of the Defendants. The ground of the action is the consequential injury which the Plaintiff has sustained: whether the Defendants have been gainers or losers by the transaction is not to be enquired into. Blackstone in 3 Com., 219, says, "If a ferry be erected on a river so near another ancient ferry as to draw away its custom, it is a nuisance to the owner of the old one. For, where there is a ferry by prescription, the owner is bound to keep it always in repair and readiness for the ease of the king's subjects; otherwise he may be grievously amerced. But setting up a trade, mill or school near another, is not a nuisance, although the custom be diverted from the original establishment; because a multiplication of such establishments is beneficial to the community at large, and the owners are not by law subject to any fine if they desist from or shut up such establishments."
Laws 1779, ch. 10, declares, that any person who owns a public ferry and refuses to keep it up for the rates allowed by the County Courts, shall for every offence, forfeit fifty pounds. Laws 1784, ch. 14, requires the County Courts to take bonds from the owners of ferries, in the sum of five hundred pounds, conditioned to keep good boats and proper hands to transport persons and carriages; and declares that any person detained for the lack of such boats and hands, may warrant and recover from the owner; and subjects such owner to actions for all injuries done and property lost by any lack of care at his ferry. Laws 1764, ch. 3, is cumulative, and does not repeal the common law remedy. In consequence of the law having thrown so many penalties upon the owner of a ferry, he shall not be molested in his benefits. I am of opinion (63) that judgment should be rendered for the Plaintiff.
TAYLOR, Chief Justice, concurred.
Cited: Smith v. Harkins, 38 N.C. 618; Taylor v. R. R., 49 N.C. 283;Toll Bridge Co. v. Comrs., 81 N.C. 506; Toll Bridge Co. v. Flowers,110 N.C. 385. *Page 52